UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOCELYN GEORGES,
Plaintiff,

v.

PARTNERS HEALTHCARE SYSTEM, INC.,
A/K/A
MASSACHUSETTS GENERAL HOSPITAL,
Defendant.

03 12553 REK

MAGISTRATE JUDGE _____

DOCKET NO.

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

**PLAINTIFF'S COMPLAINT AND JURY CLAIM**

1. The plaintiff, Jocelyn Georges, resides at 189 Harvard Street, Cambridge, Massachusetts.

2. The defendant, Partners HealthCare System, Inc., a/k/a Massachusetts General Hospital, has a usual place of business at 75 Francis Street, Boston, Massachusetts.

3. Jurisdiction in this matter is based on Title VII of the Civil Rights Act of 1964. Plaintiff filed a Complaint with the U. S. Equal Employment Opportunity Commission on or about July 3, 2003. On September 19, 2003, the U. S. Equal Employment Opportunity Commission issued a Right to Sue Letter, a copy of which is attached hereto.

4. The plaintiff, Jocelyn Georges ("Georges"), had worked for Partners HealthCare System, Inc., a/k/a Massachusetts General Hospital ("MGH"), since 1996. Georges started working there as a housekeeper and eventually obtained the position of a patient transporter, a job which involves transporting patients and equipment throughout the hospital. Jocelyn Georges is an African-American. On or about September 24, 2002, Georges' employment was terminated. He was informed at the time of his termination that he was terminated for

absenteeism. The reason offered by MGH for Georges' termination is not true. In fact, MGH during the relevant time period treated Caucasians differently than it treated African-Americans. Caucasians with less favorable absenteeism records were not terminated.

5. Accordingly, Georges' termination was in violation Title VII of the Civil Rights Act of 1964 in view of the fact that he was discriminated against on the basis of his race.

6. As a result of the unlawful termination, Georges lost wages and suffered emotional distress.

WHEREBY, the plaintiff makes claim for lost wages, monetary damages for emotional-distress, attorneys' fees, punitive damages and interest and costs.

THE PLAINTIFF CLAIMS A TRIAL BY JURY.

By his attorney,

John D. Corrigan/BBO/No. 100460
O'MALLEY AND HARVEY, LLP
Two Oliver Street, 9th Floor
Boston, MA  02109-4908
TEL:  617-357-5544
FAX:  617-204-3477

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Jocelyn Georges
189 Harvard Street
Cambridge, MA. 02139

From: Boston Area Office
John F. Kennedy Fed Bldg
Government Ctr, Room 475
Boston, MA 02203

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16C-2003-02170 | Rance A. O'Quinn, Enforcement Supervisor | (617) 565-3192 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Robert L. Sanders
Area Director

SEP 1 9 2003
(Date Mailed)

Enclosure(s)

cc: Chief Executive Officer
Massachusetts General Hospital
Attn: Eileen Burke Sherman, Partner Health
75 Francis Street
Boston, MA. 02109