UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOCELYN GEORGES,<br><br>    Plaintiff,<br><br>v.<br><br>PARTNERS HEALTHCARE<br>SYSTEM, INC., a/k/a<br>MASSACHUSETTS GENERAL<br>HOSPITAL,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 03-12553-REK<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER

Defendants, Partners HealthCare System, Inc. ("Partners"), and The General Hospital Corporation, d/b/a Massachusetts General Hospital ("the Hospital"), hereby answer the Complaint in this matter as follows:

With respect to the enumerated paragraphs of the Complaint:

1.    The Hospital lacks sufficient information to admit or deny the allegations contained in Paragraph 1 of the Complaint.

2.    The Hospital admits it has a usual place of business at 55 Fruit Street, Boston, Massachusetts, and denies the remaining allegations contained in Paragraph 2 of the Complaint.

3.    The Hospital states the allegations contained in Paragraph 3 of the Complaint constitute conclusions of law which do not require a response by the Hospital, and that the attachment to the Complaint speaks for itself.

4.      The Hospital admits Plaintiff worked for the Hospital, and denies Plaintiff worked for Partners, a separate legal entity. The Hospital admits the remaining allegations contained in sentence one of Paragraph 4 of the Complaint, and admits the allegations contained in sentences two through five of Paragraph 4 of the Complaint. The Hospital denies the remaining allegations contained in Paragraph 4 of the Complaint.

5-6.    Denied.

By way of further response, Defendants state as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Partners upon which relief may be granted because Partners was not Plaintiff's employer.

### THIRD AFFIRMATIVE DEFENSE

The Hospital bore no racial animus towards Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff was not performing his job at an acceptable level.

### FIFTH AFFIRMATIVE DEFENSE

The Hospital had legitimate, non-discriminatory business reasons for disciplining and terminating Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

The Hospital had good cause to discipline and terminate Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

The Hospital treated Plaintiff the same as it treated other similarly-situated employees.

## EIGHTH AFFIRMATIVE DEFENSE

The Hospital is not the proximate cause of damage to Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

## TENTH AFFIRMATIVE DEFENSE

The Complaint is barred by waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred by unclean hands.

Defendants respectfully reserve their rights to add affirmative defenses should the results of discovery so require.

WHEREFORE, Defendants respectfully request that the Court dismiss the Complaint, enter judgment in favor of Defendants, and grant whatever further relief the Court deems just and proper.

PARTNERS HEATHCARE SYSTEM, INC., a/k/a
MASSACHUSETTS GENERAL HOSPITAL
By their attorneys,

_____
Christine M. Roach – BBO No. 421630
ROACH & CARPENTER, P.C.
24 School Street
Boston, MA 02108
(617) 720-1800

DATED: February 17, 2004

## Certificate of Service

I, Christine M. Roach, hereby certify that I have served a copy of the above pleading on the opposing party by this day mailing a copy of same regular mail to counsel of record.

DATED: February 17, 2004