UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOCELYN GEORGES,<br>    Plaintiff,<br><br>v.<br><br>PARTNERS HEALTHCARE SYSTEM, INC.,<br>A/K/A<br>MASSACHUSETTS GENERAL HOSPITAL,<br>    Defendant. | )<br>)<br>)<br>)   **DOCKET NO. 03-12553-REK**<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S L. R. D. MASS. 56.1 RESPONSE
## TO DEFENDANT'S STATEMENT OF UNDISPUTED FACTS

The plaintiff, Jocelyn Georges, responds to the defendant's statement of material facts as follows:

1. The plaintiff admits the allegations contained in paragraph 1.

2. The plaintiff denies the allegation contained in paragraph 2 that he was terminated for poor attendance because the plaintiff believes that the hospital's reason was a pretext for discrimination.

3. The plaintiff admits the allegations contained in paragraphs 3.

4. The plaintiff admits the allegations contained in paragraph 4 but denies that the process was an independent hospital process.

5. The plaintiff denies the allegation contained in paragraph 5 that he was not replaced by a particular hire.

6. The plaintiff admits the allegation in paragraph 6 but states that he cannot identify employees inside the protected class who were treated less favorably than whites, but he can identify white employees who were treated more favorably.

7.  The plaintiff denies the allegations contained in paragraph 7.

8.  The plaintiff admits the allegations contained in paragraph 8.

9.  The plaintiff admits the allegations contained in paragraph 9.

10. The plaintiff denies the allegations contained in paragraph 10.

11. The plaintiff denies he ever received the written warning and the final written warning as alleged in paragraph 11.

12. The plaintiff admits the allegations contained in paragraph 12.

13. The plaintiff denies the allegations contained in paragraph 13.

14. The plaintiff denies the allegations contained in paragraph 14.

15. The plaintiff denies the allegations contained in paragraph 15 and states that the reason he was fired was that he was black.

16. The plaintiff denies the allegations contained in paragraph 16, but he did believe Viscomi made the decision because the plaintiff was black. The plaintiff believes that it was Klincewicz's fault but that Bruno did push him to terminate him.

17. The plaintiff is Haitian.

18. The plaintiff denies the allegations contained in paragraph 18 and states that Viscomi took part in the decision to terminate him.

19. The plaintiff denies that Morin evaluated his attendance. The plaintiff denies that Morin and Klincewicz considered any mitigating circumstances that would lead them to exercise the discretion accorded by the Guidelines at each step. The plaintiff denies that Morin reviewed the written warning and the final warning as Morin stated that she could not remember doing so.

20. The plaintiff admits the allegations contained in paragraph 20.

21. The plaintiff agrees that supervisors have a certain amount of discretion in adhering to attendance guidelines; nevertheless, in the instant case that discretion was motivated by race and color.

22. The plaintiff denies the allegations contained in paragraph 22.

23. The plaintiff admits the allegations contained in paragraph 23.

24. The plaintiff admits the allegations contained in paragraph 24.

25. The plaintiff admits the allegations contained in paragraph 25.

26. The plaintiff admits the allegations contained in paragraph 26.

27. The plaintiff does not have sufficient information to admit or deny the allegations contained in paragraph 27.

28. The plaintiff does not have sufficient information to admit or deny the allegations contained in paragraph 28.

29. The plaintiff admits the allegations contained in paragraph 29.

30. The plaintiff admits the allegations contained in paragraph 30.

31. In response to paragraph 31, the plaintiff does not know the specific reasons why Petruzzelli, Timmins and Morruzzi were accommodated by Klincewicz with the exception that they were all white and their attendance records were far worse than the plaintiff's.

32. The plaintiff admits the allegations contained in paragraph 32.

33. The plaintiff denies the allegations contained in paragraph 33.

PLAINTIFF, JOCELYN GEORGES

By his attorney,

_____
John D. Corrigan/BBO No. 100460
O'MALLEY AND HARVEY, LLP
Two Oliver Street, 9th Floor
Boston, MA 02109-4908
TEL: 617-357-5544
FAX: 617-204-3477