UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOCELYN GEORGES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) C.A. No. 03-12553-REK |
| PARTNERS HEALTHCARE SYSTEM, INC., a/k/a MASSACHUSETTS GENERAL HOSPITAL, | ) ) ) ) ) |
| Defendants. | ) |

DEFENDANTS' MOTION TO STRIKE
PORTIONS OF THE MATERIAL APPENDED TO
PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants Partners HealthCare System, Inc., and The General Hospital Corporation, d/b/a Massachusetts General Hospital ("the Hospital"), hereby move, pursuant to L.R.D.Mass. 7.1, 16.5 and 56.1, and applicable Federal Rules of Evidence, that the following material appended to Plaintiff's Memorandum In Support of His Opposition to Defendants' Motion for Summary Judgment ("Plaintiff's Memorandum") be stricken from the record in this matter, ruled inadmissible by this Court, and not considered in the Court's deliberations, for the following reasons:

I.      Plaintiff's Affidavit

Exhibit A to Plaintiff's Memorandum is an Affidavit of Jocelyn Georges ("Affidavit"). Portions of the Affidavit contain inadmissible material that must be stricken.

      a.     At <u>Paragraph 4</u>, the Affidavit seeks to contradict the written record of Corrective Action materials contained in Plaintiff's personnel file. Despite the fact that the file clearly documents a counseling on November 7, 2000 on absenteeism, an oral warning on October 20, 2001 for attendance, a written warning January 11, 2002 for attendance, and a final written warning on July 11, 2002 for attendance,[1] Plaintiff testifies "[t]his is not true," and that this corrective action did not occur. Plaintiff cannot mount a legal challenge to the warnings or present a jury question merely by contradicting the underlying employment record facts. <u>Pilgrim v. Trustees of Tufts College</u>, 118 F.3d 864, 871 (1st Cir. 1997)("[p]laintiff's perception is not evidence"); <u>King v. Town of Hanover</u>, 116 F.3d 965, 968 (1st Cir. 1997)(affidavits challenging disciplinary action cannot preclude summary judgment); <u>Hoeppner v. Crotched Mountain Rehabilitation Ctr., Inc.</u>, 31 F.3d 9, 17-18 (1st Cir. 1994)(evidence purporting to contest factual underpinnings insufficient to present jury question).[2]

      b.     At <u>Paragraph 5</u>, the Affidavit purports to offer opinion evidence of the Hospital's treatment of black employees on issues of overtime, promotions, and "calling people into the office." There is no foundation offered to establish that Plaintiff possesses personal knowledge of any of these matters. Such statements can only be based on inadmissible hearsay. Moreover, there is no foundation to suggest that any of these categories of information is probative on the finite topic of Plaintiff's termination for unacceptable attendance. <u>Pilgrim</u>, 118 F.3d at 871; <u>Lewis v. Gillette Co.</u>, 22 F.3d 22,

---

[1] Please see Exhibits K, H, and I, respectively, to Defendants' L.R.D.Mass. 56.1 Statement of Undisputed Facts, for this documentation.

[2] Plaintiff ironically seeks to <u>proffer</u> as his own admissible and reliable evidence the Corrective Action sheets of other employees, to prove they received more favorable treatment than he. See, for example, Exhibits C-E,G, and I to Plaintiff's Memorandum.

25 (1st Cir. 1984)(without evidence in support of plaintiff's personal belief, summary judgment for employer affirmed); Fed.R.Evid. 602, 701.

    c.    At Paragraph 6, the Affidavit comments on the attendance records of employees Plaintiff claims were similarly situated to him. Yet there is no foundation laid for Plaintiff's having had access to any of these records while he was an employee. Plaintiff can only be commenting on records he has now seen through the discovery process in this litigation. That is no basis for testimony about what was happening at the time for these employees with respect to management of their attendance, and Plaintiff is not competent to offer an opinion on that question. Fed.R.Evid. 602, 701.

II.    <u>2003 Attendance Guidelines</u>

At Exhibit O to his Memorandum, Plaintiff attaches revised Attendance Guidelines that became effective in March, 2003 ("Revised Guidelines"), more than six months after Plaintiff's termination. There is no claim that the Revised Guidelines were applied to Plaintiff in any way. They are thus inadmissible pursuant to Fed.R.Evid. 402.

Plaintiff proffers the inapplicable Revised Guidelines, however, on the theory that the 2003 revisions significantly narrowed the amount of discretion granted to supervisors with respect to discipline for employee attendance. Plaintiff's Memorandum at page 9. The apparent inference Plaintiff wishes the Court to draw is that with less discretion, supervisors would have the opportunity for fewer illegal, race-based decisions. Plaintiff states: "Such a change [in attendance Guidelines] should constitute admission on the hospital's part that it was not applying its attendance policy in a uniform manner at the time it fired Georges." <u>Id.</u> There is no foundation in the record before the Court for this rank speculation.

First, the 2003 Guidelines fully maintained a supervisor's discretion with respect to progressive discipline for attendance. For each category of potential discipline, the 2003 Guidelines continue to say discipline "<u>MAY</u>" occur (emphasis supplied), not discipline "shall" occur. (emphasis added). The 2003 Guidelines also retained supervisor discretion throughout, for <u>e.g.</u>, "unavoidable" tardiness or absences, documented medical conditions, and personal problems interfering with attendance. The <u>sole</u> change in the Guidelines was from a numerical range of incidents which may trigger a particular form of discipline, to a particular number of incidents which may do so. Compare Plaintiff's Memorandum, Exhibit O, to Defendants' Facts, Exhibit J.

Second, Plaintiff offers no evidence of any shift in attendance enforcement patterns since March 2003, that could support his speculation that application of the Revised Guidelines somehow became more "uniform." And third, even were Plaintiff to proffer sufficient evidence that the 2003 Guidelines constitute an improvement by the Hospital in attendance policy intentionally to restrict potentially illegal supervisor discretion, any such remedial measure by the Hospital subsequent to Plaintiff's termination would be inadmissible as a matter of law, pursuant to Fed.R.Evid. 407.

III.   <u>Personnel Records of Five White Employees</u>

Plaintiff's Memorandum cites the attendance records of five (5) white Hospital transporters which were allegedly worse than Plaintiff's record. Plaintiff's Memorandum at 2-4, and Exhibits C-J thereto. These records are inadmissible in this proceeding, because they are not probative of the race discrimination claim as a matter of law. Fed.R. Evid. 402, 403.

4

First, two of the employees, Mr. Joyce and Mr. Bird, were also terminated by the Hospital for attendance, Mr. Joyce five days before Plaintiff, and Mr. Bird two weeks after Plaintiff. Defendants' Facts, Exhibit M, at pages 1-2. The termination of these two white employees in the same timeframe as Plaintiff supports summary judgment for the Hospital, not Plaintiff's race claim.

Second, the three remaining employees were not similarly situated to Plaintiff, as set out in the Hospital's Facts and Memorandum. Mr. Petruzzelli had documented medical problems which impacted the treatment of his attendance incidents pursuant to the Guidelines. Defendants' Facts 31. Mr. Timmons responded to progressive discipline and was in the process of improving his attendance. Id. Only Mr. Morruzzi's attendance problems were not caught by his supervisor in 2002, but Mr. Morruzzi has remained in progressive discipline, and currently works for the Hospital on a part-time basis only. Id.

These five employees proffered by Plaintiff as comparators do not meet the strict test set forth by the Court of Appeals for the First Circuit. They are not similarly situated in all relevant respects, Straughn, 250 F.3d at 43-44, and the comparison Plaintiff seeks to make between himself and these other five employees is not reasonable; the cases are not "fair congeners." Dartmouth Review v. Dartmouth College, 889 F.2d 13, 19 (1st Cir. 1989). The evidence of these other employees' attendance records is therefore inadmissible and should be stricken.

## Conclusion

For all of the reasons stated herein, the items identified do not constitute appropriately admissible evidence in this proceeding, and should be stricken from the record and not considered by the Court in its deliberations.

5

WHEREFORE, Defendants respectfully move that their Motion to Strike be granted.

>PARTNERS HEALTHCARE SYSTEM, INC.,
>THE GENERAL HOSPITAL CORPORATION, d/b/a
>MASSACHUSETTS GENERAL HOSPITAL
>By their attorneys,
>
>_____
>Christine M. Roach – BBO No. 421630
>ROACH & CARPENTER, P.C.
>24 School Street
>Boston, MA 02108
>(617) 720-1800

DATED: December 14, 2004

### L.R.D. MASS. RULE 7.1(A)(2) CERTIFICATION

I, Christine M. Roach, hereby certify that counsel for the parties have conferred throughout the litigation, most recently by telephone today, December 14, 2004, in an effort to resolve or narrow the issues presented in this motion, but have been unable to do so.

DATED: December 14, 2004                    _____

### CERTIFICATE OF SERVICE

I, Christine M. Roach, hereby certify that I have served the above pleading on the opposing party by this day hand delivering a copy of same to counsel of record.

DATED: December 14, 2004                    _____